1  MARC J. BLAU, Cal. Bar No. 198162
   Email:  blaum@sec.gov
2  SARA D. KALIN, Cal. Bar No. 212156
   Email:  kalins@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  Lorraine B. Echavarria, Associate Regional Director
   John W. Berry, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
7  Telephone:  (323) 965-3998
   Facsimile:   (323) 965-3908
8
9                  UNITED STATES DISTRICT COURT
10              SOUTHERN DISTRICT OF CALIFORNIA

11 | SECURITIES AND EXCHANGE | Case No. 13 CV 1801 MMA BLM
   | COMMISSION, |
12 |                        | **CONSENT OF DEFENDANT**
   |          Plaintiff,    | **JOHN G. RIZZO**
13 |                        |
   |     vs.                |
14 |                        |
   | JOHN G. RIZZO,         |
15 |                        |
   |          Defendant.    |
16
17
18
19
20
21
22
23
24
25
26
27
28

1.   Defendant John G. Rizzo ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.   Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. John G. Rizzo*, Crim. No. 13cr2823-LAB (S.D. Cal.), Defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349.  In connection with that plea, Defendant admitted that he agreed with others known and unknown to engage in a fraudulent scheme involving the purchase and sale of securities.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. John G. Rizzo*.

3.   Defendant hereby consents to the entry of the Judgment as to Defendant John G. Rizzo in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

      (a)   permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder;

      (b)   prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d); and

      (c)   permanently bars Defendant from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

4.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty.  The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from December 31, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the

1  Federal Rules of Civil Procedure.  In connection with the Commission's motion for

2  disgorgement and/or civil penalties, the parties may take discovery, including

3  discovery from appropriate non-parties.

4      6.      Defendant waives the entry of findings of fact and conclusions of law

5  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6      7.      Defendant waives the right, if any, to a jury trial and to appeal from

7  the entry of the Judgment.

8      8.      Defendant enters into this Consent voluntarily and represents that no

9  threats, offers, promises, or inducements of any kind have been made by the

10  Commission or any member, officer, employee, agent, or representative of the

11  Commission to induce Defendant to enter into this Consent.

12      9.      Defendant agrees that this Consent shall be incorporated into the

13  Judgment with the same force and effect as if fully set forth therein.

14      10.     Defendant will not oppose the enforcement of the Judgment on the

15  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

16  Civil Procedure, and hereby waives any objection based thereon.

17      11.     Defendant waives service of the Judgment and agrees that entry of the

18  Judgment by the Court and filing with the Clerk of the Court will constitute notice

19  to Defendant of its terms and conditions.  Defendant further agrees to provide

20  counsel for the Commission, within thirty days after the Judgment is filed with the

21  Clerk of the Court, with an affidavit or declaration stating that Defendant has

22  received and read a copy of the Judgment.

23      12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the

24  claims asserted against Defendant in this civil proceeding.  Defendant

25  acknowledges that no promise or representation has been made by the Commission

26  or any member, officer, employee, agent, or representative of the Commission with

27  regard to any criminal liability that may have arisen or may arise from the facts

28  underlying this action or immunity from any such criminal liability.  Defendant

1  waives any claim of Double Jeopardy based upon the settlement of this proceeding,
2  including the imposition of any remedy or civil penalty herein.  Defendant further
3  acknowledges that the Court's entry of a permanent injunction may have collateral
4  consequences under federal or state law and the rules and regulations of self-
5  regulatory organizations, licensing boards, and other regulatory organizations.
6  Such collateral consequences include, but are not limited to, a statutory
7  disqualification with respect to membership or participation in, or association with
8  a member of, a self-regulatory organization.  This statutory disqualification has
9  consequences that are separate from any sanction imposed in an administrative
10  proceeding.  In addition, in any disciplinary proceeding before the Commission
11  based on the entry of the injunction in this action, Defendant understands that he
12  shall not be permitted to contest the factual allegations of the complaint in this
13  action.
14      13.    Defendant understands and agrees to comply with the terms of 17
15  C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to
16  permit a defendant or respondent to consent to a judgment or order that imposes a
17  sanction while denying the allegations in the complaint or order for proceedings."
18  In compliance with this policy, Defendant acknowledges the guilty plea for related
19  criminal conduct described in paragraph 2 above, and agrees (i) not to take any
20  action or make or permit to be made any public statement denying, directly or
21  indirectly, any allegation in the complaint or creating the impression that the
22  complaint is without factual basis; and (ii) that upon the filing of this Consent,
23  Defendant hereby withdraws any papers filed in this action to the extent that they
24  deny any allegation in the complaint.  If Defendant breaches this agreement, the
25  Commission may petition the Court to vacate the Judgment and restore this action
26  to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial
27  obligations; or (ii) right to take legal or factual positions in litigation or other legal
28  proceedings in which the Commission is not a party.

13 CV 1801 MMA BLM

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 9.27.2013

John G. Rizzo

On Sept 27 , 2013, John G. Rizzo , ~~a person known to me,~~ personally appeared before me and acknowledged executing the foregoing Consent.

Provided FLDL#
R200467614060

Notary Public
Commission expires:

ANGELICA M. RODRIGUEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE090693
Expires 9/3/2015

Approved as to form:

Steven M. Goldsobel
Law Offices of Steven M. Goldsobel
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(310) 552-4848
Attorney for Defendant John G. Rizzo

13 CV 1801 MMA BLM

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On October 4, 2013, I caused to be served the document entitled **CONSENT OF DEFENDANT JOHN G. RIZZO** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: __October 4, 2013_____          __/s/ Sara D. Kalin_____
                                            Sara D. Kalin

**SEC v. JOHN G. RIZZO**
**United States District Court – Southern District of California**
**Case No. 3:13-cv-01801-MMA-BLM**
**(LA-4213)**

SERVICE LIST

Steven M. Goldsobel, Esq. **(served via electronic and U.S. mail)**
Law Offices of Steven M. Goldsobel
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
Email:  steve@sgoldsobel.com
*Attorney for Defendant John G. Rizzo*