MARC J. BLAU, Cal. Bar No. 198162
Email:  blaum@sec.gov
SARA D. KALIN, Cal. Bar No. 212156
Email:  kalins@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN G. RIZZO,<br><br>        Defendant. | Case No. 13 CV 1801 MMA BLM<br><br>**JOINT MOTION AND STIPULATION FOR ENTRY OF FINAL JUDGMENT** |

Plaintiff Securities and Exchange Commission ("Commission") and Defendant John G. Rizzo, have agreed and stipulated to the terms of a proposed final judgment, which will be separately submitted for the Court's review.  The parties respectfully request that the Court enter a final judgment in this matter.

1.      On August 2, 2013, the Commission filed a complaint against Defendant seeking injunctive relief, permanent officer and director and penny stock bars, and disgorgement, prejudgment interest, and civil penalties, for violations of Section 17(a) of the Securities Act of 1933, and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.  Concurrent with the filing of the Commission's complaint, the United States Attorney's Office for the Southern District of California

(the "USAO") entered a plea agreement for Defendant on the same day, charging him with one count of conspiracy to commit wire fraud.

2. Shortly thereafter, Defendant engaged in settlement discussions with the Commission and consented to the entry of permanent injunctions, and permanent officer and director and penny stock bars against him, leaving the amount of disgorgement, prejudgment interest, and civil penalties to be determined after criminal sentencing. The Commission filed Defendant's executed consent with the Court on October 4, 2013 (Dkt. 4), and the Court entered a Judgment as to Defendant John G. Rizzo on October 17, 2013 (Dkt. 5).

3. On December 16, 2013, Defendant was criminally sentenced. In light of the criminal sanctions imposed against Defendant, including restitution and incarceration, the Commission has decided to forego seeking disgorgement, prejudgment interest, and civil penalties, and the parties have agreed to the terms of the proposed final judgment that will be separately submitted for the Court's consideration.

4. Accordingly, the parties respectfully request that the Court enter a final judgment in this case.

DATED: May 13, 2014              Respectfully submitted,


                                 */s/ Sara D. Kalin*
                                 Marc J. Blau
                                 Sara D. Kalin
                                 Attorneys for Plaintiff
                                 Securities and Exchange Commission


DATED: May __, 2014              Respectfully submitted,



                                 _____
                                 Steven Goldsobel
                                 Attorney for Defendant John G. Rizzo

2

1 (the "USAO") entered a plea agreement for Defendant on the same day, charging him
2 with one count of conspiracy to commit wire fraud.
3    2.   Shortly thereafter, Defendant engaged in settlement discussions with the
4 Commission and consented to the entry of permanent injunctions, and permanent
5 officer and director and penny stock bars against him, leaving the amount of
6 disgorgement, prejudgment interest, and civil penalties to be determined after
7 criminal sentencing. The Commission filed Defendant's executed consent with the
8 Court on October 4, 2013 (Dkt. 4), and the Court entered a Judgment as to Defendant
9 John G. Rizzo on October 17, 2013 (Dkt. 5).
10    3.   On December 16, 2013, Defendant was criminally sentenced. In light of
11 the criminal sanctions imposed against Defendant, including restitution and
12 incarceration, the Commission has decided to forego seeking disgorgement,
13 prejudgment interest, and civil penalties, and the parties have agreed to the terms of
14 the proposed final judgment that will be separately submitted for the Court's
15 consideration.
16    4.   Accordingly, the parties respectfully request that the Court enter a final
17 judgment in this case.
18
19 DATED: May __, 2014          Respectfully submitted,
20
21
                                  _____
22                                Marc J. Blau
                                  Sara D. Kalin
                                  Attorneys for Plaintiff
23                                Securities and Exchange Commission
24
25 DATED: May 9, 2014            Respectfully submitted,
26
27                                _____
                                  Steven Goldsobel
28                                Attorney for Defendant John G. Rizzo

2

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On May 13, 2014, I caused to be served the document entitled **JOINT MOTION AND STIPULATION FOR ENTRY OF FINAL JUDGMENT** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 13, 2014                        */s/ Sara D. Kalin*
                                          Sara D. Kalin

**SEC v. JOHN G. RIZZO**
**United States District Court – Southern District of California**
**Case No. 3:13-cv-01801-MMA-BLM**
**(LA-4213)**

SERVICE LIST

Steven M. Goldsobel, Esq. **(served via electronic and U.S. mail)**
Law Offices of Steven M. Goldsobel
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
Email:  steve@sgoldsobel.com
*Attorney for Defendant John G. Rizzo*